UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 1:19-cr-00374 (RDM) |
| RANI EL-SAADI, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT EL-SAADI'S MOTION
TO TEMPORARILY MODIFY CONDITIONS OF PRETRIAL RELEASE**

To reasonably assure Defendant El-Saadi's appearance in these proceedings as required by the Bail Reform Act, the government opposes his request to attend a travel conference in the United Arab Emirates, a country with which the United States does not have an extradition treaty.

**BACKGROUND**

Defendant El-Saadi was indicted on November 7, 2019, charged with violations of 18 U.S.C. § 371 and 52 U.S.C. §§ 30122 and 30109. (ECF No. 1 at ¶¶ 52, 53, 67, and 68.) Defendant El-Saadi was charged as part of a fifty-three count indictment following a multi-year investigation by the Federal Bureau of Investigation into a scheme to make conduit and excessive contributions to various political committees during and after the 2016 presidential election.

On December 18, 2019, this Court ordered conditions of release to "reasonably assure the appearance of [Defendant El-Saadi] as required." *See* ECF No. 35; *see also* 18 U.S.C. § 3142(c)(1). Those conditions include his surrender of all passports and a requirement not to travel internationally without permission from this Court, (ECF No. 35 at 2), indicating that the Court has at least some concern that Defendant El-Saadi's ability to travel internationally could affect his future likelihood to appear in this matter. The Court has entered similar orders for all

1

defendants, (ECF Nos. 32–37), except for Defendant Khawaja who has fled the United States and remains a fugitive from justice. (ECF No. 43.)

On December 27, 2019, the Court granted Defendant Whipple's request to travel to Hawaii without prior approval from the Court to visit a family member, provided that he notify the Pretrial Services Agency in advance of any such travel. (ECF Minute Order, December 27, 2019.)

On April 16, 2021, Defendant El-Saadi filed his Motion to Temporarily Modify Conditions of Pretrial Release ("Motion"). Defendant El-Saadi is a native of Lebanon and holds passports from there as well as the United States. (ECF No. 109 at ¶¶ 2 and 14.) According to the Motion, Defendant El-Saadi owns a transportation business that caters largely to visitors to the United States from the Middle East, which prompts his desire to travel to Dubai, United Arab Emirates for a travel conference in May 2021. (ECF No. 109 at ¶¶ 4–9.) As declared in the Motion, Defendant El-Saadi's business has been "decimated" over the last year and needs to be "rebuil[t]." (ECF No. 109 at ¶ 6.)

Trial in this matter is scheduled for December 6, 2021. (ECF Minute Order, December 7, 2020.)

## ARGUMENT

Defendant El-Saadi's motion runs contrary to the Bail Reform Act's mandate that conditions be crafted to "reasonably assure the appearance of the person." 18 U.S.C. § 3142(c)(1)(B). Not only would such travel place Defendant El-Saadi outside of the jurisdiction of this Court, but the government would have no recourse to extradite Defendant El-Saadi from the United Arab Emirates should he choose to remain there or from Lebanon, where he maintains citizenship, should he choose to travel there.

Unlike Defendant Whipple's earlier request to travel domestically to Hawaii, Defendant El-Saadi requests permission to travel internationally to Dubai, United Arab Emirates. The United States does not possess an extradition treaty with the United Arab Emirates. *See* Treaties in Force, U.S. Department of State, at 472–73 available at https://www.state.gov/wp-content/uploads/2020/08/TIF-2020-Full-website-view.pdf (last viewed on April 20, 2021). The United States also does not possess an extradition treaty with Lebanon, *see id.* at 274–76, where Defendant El-Saadi maintains citizenship and from which he possesses a passport.[1] The absence of extradition treaties between the United States and the United Arab Emirates and Lebanon strongly counsels against Defendant's request to travel. *See United States v. Bohn*, 330 F. Supp. 2d 960, 961 (W.D. Tenn. 2004) (denying motion to modify conditions of release due, in part, to lack of extradition treaty between the United States and the government of Vanuatu, where the defendant wanted to travel); *see also United States v. Arndt*, 329 F. Supp. 2d 182, 199 (D. Mass. 2004) (finding that a pretrial defendant was a flight risk due, in part, to his connections to Venezuela "where the defendant might be beyond the reach of extradition"); *United States v. Jamal*, 326 F. Supp. 2d 1006, 1009 (D. Ariz. 2003) (ordering pretrial detention for defendant who had strong connections to Lebanon due, in part, to lack of extradition treaty between the United States and Lebanon).

The Court's decision will turn, in part, on "the history and characteristics of the person, including . . . the person's character, . . . family ties, employment, financial resources, length of residence in the community, [and] community ties." 18 U.S.C. § 3142(g)(3). Notwithstanding Defendant El-Saadi's best assurances that he would return to the United States following the travel

---

[1] According to Emirates Airlines, there are daily direct flights between Dubai, United Arab Emirates and Beirut, Lebanon, each lasting less than four hours. *See* fly10.emirates.com (last viewed April 20, 2021).

conference in May, he would remain a Lebanese citizen, facing federal indictment and a floundering business if he were to return to the United States, and presented with the prospect of starting life anew in either the United Arab Emirates, where he has business contacts, (ECF No. 109 at ¶¶ 6, 7, and 9), or Lebanon where he maintains citizenship, from neither of which the United States could obtain his extradition.  As Defendant Khawaja's fugitive status demonstrates, the significant felony charges in this case present a strong incentive for the defendants to flee to avoid trial and potential punishment, should the opportunity present itself.

Additionally, it bears mentioning that the U.S. Department of State currently labels the United Arab Emirates with a "Do Not Travel" advisory due to the COVID-19 pandemic.[2]  As seen repeatedly throughout the last year, the pandemic has a definite capability of hindering one's ability to travel, whether due to health issues, travel restrictions, or economic stresses.  It is not unreasonable to expect that the pandemic could thwart Defendant El-Saadi's best efforts to return the United States following the conference, in any number of ways.

Accordingly, the government respectfully requests that the Court deny the Motion.

                                              Respectfully submitted,

                                              COREY R. AMUNDSON
                                              Chief, Public Integrity Section
                                              Criminal Division
                                              U.S. Department of Justice

                              By:    */s/ Victor R. Salgado*
                                              Victor R. Salgado
                                              D.C. Bar No. 975013
                                              Senior Litigation Counsel
                                              Public Integrity Section
                                              U.S. Department of Justice

---

[2] See United States Department of State, https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/united-arab-emirates-travel-advisory.html (last viewed on April 20, 2021).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendant.

Dated: April 22, 2021　　　　　　　　　　　　　*/s/ Victor R. Salgado*
　　　　　　　　　　　　　　　　　　　　　　　Victor R. Salgado
　　　　　　　　　　　　　　　　　　　　　　　Public Integrity Section
　　　　　　　　　　　　　　　　　　　　　　　Criminal Division
　　　　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice